IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Curtis Lee Swygert

Plaintiff, No. CIV S-05-1266 MCE CMK P

vs.

Board of Prison Terms, et al.,

Defendants ORDER

_____________________________/

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint

Plaintiff states that, in 1987, he was arrested for a violation of California Penal Code Section 187. (Compl. at 4.) As a result of a plea bargain in 1988, plaintiff received a life sentence. (Id.) Plaintiff has had four parole hearings in front of the Board of Prison Terms ("Board") , each one resulting in a finding of unsuitability. (Id.) The last of plaintiff's four hearings was on July 19, 2004. (Id. at 6.)

Plaintiff challenges the Board's denial of parole. He alleges the following due process violations. First, a due process violation for denying him a parole date based on "an unchanging factor." (Id.) Next, a denial of due process due to the "no parole policy." (Id.) Finally, plaintiff claims that the Board's denial of parole violated due process because the Board's decision was "without 'some evidence' to support the ruling." (Id. at 7.)

Plaintiff seeks only declaratory and injunctive relief. Accordingly, his claim may proceed under 42 U.S.C. § 1983. Wilkinson v. Dotson, 125 S.Ct. 1242 (2005) (stating that prisoners could challenge the constitutionality of state parole procedures in a § 1983 action seeking declaratory and injunctive relief and were not required to instead seek relief exclusively under federal habeas statutes).

Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff claims that his due process rights have been violated by the Board's repeated findings of unsuitability, which are not supported by any evidence. However, the allegations in plaintiff's complaints are cursory. Plaintiff fails to assert in his complaint that he presented any factors to the Board which would have weighed in favor of finding him suitable for parole. Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003). For example, plaintiff does not allege that he has a stable social history, that he has discussed remorse for the crime or that he has realistic plans for the future. See, Cal. Code Regs. tit. 15 §§ 2402(d)(2) (stable social history tends to show suitability); 2402(d)(3) (presence of remorse indicating by understanding of nature and magnitude of crime tends to show suitability); 2402(d) (realistic plans for the future or development of marketable skill tends to show suitability). Based on the current complaint,

the court is unable to determine if the requirements of due process were satisfied in plaintiff's denial of parole. McQuillion, 306 F.3d 895, 904 (9th Cir. 2002) (stating that requirements of due process satisfied if some evidence supports the decision). Accordingly, the plaintiff is given leave to amend his complaint.

If plaintiff chooses to amend his complaint, he must demonstrate, with specificity how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the court notes that plaintiff has brought his complaint as a 42 U.S.C. § 1983 civil rights action seeking injunctive relief. As previously noted, plaintiff may proceed under § 1983, instead of bringing a properly exhausted habeas petition. Wilkinson, 125 S.Ct. at 1244. However, the types of relief allowed under §1983 are quite different than that offered by a successful habeas petition. Success in a § 1983 action will allow a court to order a new parole

hearing for petitioner which is free from prejudice stemming from a gubernatorial policy against parole for murders. If a fair hearing is once again denied, the court may only order yet another hearing, but the court could not order release on parole. However, in a habeas action, the court has latitude to grant far greater relief. Biggs, 334 F.3d at 916-17. If the court found that there was not sufficient evidence to support the Board's determination of unsuitability, the court could grant the habeas petition and order the petitioner released on parole.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: August 8, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE